## CIRCUIT COURT OF LOUDOUN COUNTY

McLean

v.

Hatrick,
Superintendent

May 2, 2000

Case No. (Chancery) 18910

BY JUDGE THOMAS D. HORNE

On October 1, 1998, the petitioner was a 4th grade student at Lowes Island Elementary School, a school that is a part of the Loudoun County Public Schools. As a result of an account by a parent to the school officials, the petitioner was suspended from school for a reported after-school incident involving petitioner's possession of a toy plastic gun that was seen by other students. The students reported their observations to the parent, who, in turn, contacted the vice-principal of Lowes Island.

Petitioner seeks judicial review of the decision of the hearing officer upholding his two-day suspension from Lowes Island Elementary. The matter is now before the Court on motions for summary judgment. Although petitioner suggests a number of reasons why the decision is flawed, the Court finds that it need look no further than to the issue of notice to resolve the instant controversy.

This Court must sustain the action of the hearing officer unless it were to find that he "exceeded [his] authority, acted arbitrarily or capriciously, or abused [his] discretion." § 22.1-87, Code of Virginia. The instant suspension was for a period of less than ten days. Nevertheless, notice of the offending conduct is required. § 22.1-277, Code of Virginia; *Goss v. Lopez*, 419 U.S. 565 (1975). In the booklet, "Student Rights and Responsibilities," distributed by the Loudoun County Public Schools August 1998 and that was receipted for by Brandon's mother, this entitlement of notice is described as follows:

A student may be suspended for as many as ten days for each offense by the principal or designee. Unless the student's presence poses a continuing danger to persons or property or an ongoing threat of disruption, an informal hearing by the principal or designee shall be given the student before a decision to suspend is made. In the informal hearing the student shall be notified of the reason for possible suspension and, if denied by the student, an explanation of the evidence and an opportunity to explain his or her version of the incident.

*Id.* at p. 19.

Notice of alleged misconduct and the accompanying opportunity to explain one's behavior are essential to due process. As Justice White explained in *Goss, supra*:

it would be a strange disciplinary system in an educational institution if no communication was sought by the disciplinarian with the student in an effort to inform him of his dereliction and to let him tell his side of the story in order to make sure that an injustice is not done.

*Goss v. Lopez*, 419 U.S. at 580.

Throughout the proceedings leading to the hearing officer's determination to uphold the suspension, the student and his parents were led to believe that the disciplinary action taken against the petitioner was predicated upon his having possession of a weapon on school property. Loudoun County School Board Policy/ByLaws, § 8-32. Although the circumstances surrounding the display of the toy gun were discussed, the issue presented during the petitioner's hearing was not assault or putting others in fear. However, the decision of the hearing officer to uphold the two-day suspension was based upon a finding that the evidence supported "the building principal's determination that the toy weapon was displayed in a fashion to, and in fact did, induce fear in other students."

As a matter of law, the petitioner was not given adequate notice of the reason for his suspension. Until the hearing officer made his determination, the suspension was effected and the appeal taken on the petitioner's possession of a BB gun on school property. This failure to give adequate notice is fatal to the decision of the hearing officer. Such decision is arbitrary and capricious as it violates the Due Process Clause of the United States Constitution as well as the mandates of state law and local policy. As counsel for the petitioner has noted, "without adequate notice and an opportunity to be

heard, the 'hearing' given to Petitioner and his mother on October 2, 1998, and the administrative hearing later held were rendered so meaningless that, effectively, no hearing was provided, although required by Va. Code § 22.1-277, and the Constitution of the United States."

This procedural irregularity undermines the decision presently before the Court on review. Accordingly, the action of the hearing officer is overruled by reason of the failure to give adequate notice of the alleged misconduct.